The **BOEING COMPANY**, Plaintiff,

v.

**M/V SPIRIT OF DISCOVERY**, her rigging, tackle, apparel, furniture, engines, gear, etc., in rem, Defendant.

No. C85 1840M.

United States District Court,
W.D. Washington,
at Seattle.

July 17, 1986.

Donna M. Young, Detels, Madden, Crockett & McGee, Seattle, Wash., for plaintiff.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

McGOVERN, Chief Judge.

This action, having come before the Court upon motion of the plaintiff, The Boeing Company, for Default Judgment and no person having appeared to claim the defendant vessel or any interest therein, the Court having considered the evidence and exhibits submitted by the plaintiff, and being fully advised of the premises, does make the following findings of fact and conclusions of law with respect to the lien claim of The Boeing Company:

### FINDINGS OF FACT

1. Plaintiff, The Boeing Company (hereinafter "Boeing"), is a Delaware corporation doing business in the Western District of Washington.

2. The defendant, M/V SPIRIT OF DISCOVERY, her rigging, tackle, apparel, furniture, engines, gear, etc. is a jetfoil vessel documented in the name of its owner, Island Research & Development Corporation, under Official No. 805 215, and is registered as a Canadian flag vessel at the Port of Victoria, British Columbia.

3. On or about June 6, 1985, Island Research & Development Corporation executed and delivered to Boeing a Promissory Note whereby Island Research & Development Corporation promised to pay the holder of said Note the sum of $19,773,000.00 within interest thereon, as provided in said Note. Said Note is in default in the principal amount of $19,529,197.02 as of September 10, 1985, and said sum is now due and owing, with interest continuing to accrue. Boeing is still the holder of said Note.

4. To secure the payment of said Note, Island Research & Development Corporation delivered to Boeing a Preferred Ship Mortgage upon M/V SPIRIT OF DISCOVERY, dated June 6, 1985. At the time said Preferred Ship Mortgage was executed, the defendant vessel was and is still a documented vessel under the laws of Canada.

5. The said Preferred Ship Mortgage was duly recorded at the home port of said vessel in the Office of Documentation at Victoria, British Columbia, on June 6, 1985. All of the acts and things required to be done in order to constitute the mortgage as a First Preferred Ship Mortgage, constituting a first preferred mortgage lien upon M/V SPIRIT OF DISCOVERY, in accordance with Canadian and United States law, were done or caused to be done by Boeing or the documentation officer at the Port of Victoria, British Columbia, including endorsement of said mortgage upon the outstanding document of said vessel.

6. The aforesaid Note and Mortgage provide that in the event any installment is not paid when due, all remaining installments on the note shall at once mature and become due and payable. The Note and Mortgage are now in default and are, therefore, due and payable in full.

7. Based on the Affidavit of Terence K. McGee filed in support of Motion for Default Judgment and Order of Sale and there being no contradictory evidence, the Court finds that the Mortgage has been duly and validly executed and duly registered in accordance with the laws of Canada, and is therefore a valid foreign Preferred Ship Mortgage within the meaning of 46 U.S.C.A. § 951.

8. Based on the Affidavit of T.S. Teague filed in support of the Motion for Default Judgment and Order of Sale, and there being no contrary evidence, the Court finds the outstanding Mortgage indebtedness as of September 10, 1985, amounts to a principal amount of $19,529,197.02, and interest in the amount of $457,660.29 as of September 10, 1985. Interest continues to accrue at the default rate specified in the Promissory Note.

9. In order to enforce its Preferred Ship Mortgage, Boeing was required to bring this action pursuant to the Preferred Ship Mortgage Act of 1920, Title 46 U.S.C. § 911 *et seq.*, and specifically Title 46

U.S.C. § 951; that pursuant to said statutes, the United States Marshal for the Western District of Washington seized M/V SPIRIT OF DISCOVERY on September 20, 1985. Boeing was required to pay the United States Marshal for service of process and seizure, and Notice of Arrest, which costs were a necessary part of the ship mortgage foreclosure proceeding. On September 20, 1985, the Court appointed Larry Colello as substitute custodian of the vessel, and Boeing has been required to maintain the said vessels during the pendency of seizure and has expended sums therefore.

10. The aforesaid mortgage further provides that in the event of a default and a foreclosure proceeding thereunder, Boeing is entitled to recover its attorneys' fees and out-of-pocket expenses expended in said proceeding against M/V SPIRIT OF DISCOVERY.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the defendant, M/V SPIRIT OF DISCOVERY, by reason of its *in rem* seizure and presence in this district and the subject matter under its admiralty and maritime jurisdiction pursuant to Title 28 U.S.C. § 1333, Rule 9(h) of the Federal Rules of Civil Procedure. Further, this action is brought pursuant to Title 46 U.S.C. § 951, for foreclosure of a Preferred Ship Mortgage.

2. The Preferred Ship Mortgage dated June 6, 1985, executed and delivered by Island Research & Development constitutes a valid and subsisting lien and First Preferred Mortgage of M/V SPIRIT OF DISCOVERY, her rigging, tackle, apparel, furniture, engines, gear, etc., prior and superior to the interest, lien or claim of any and all persons, firms or corporations whatsoever.

3. Pursuant to 46 U.S.C.A. § 911, *et seq.*, plaintiff, The Boeing Company, is entitled to a judgment herein against M/V SPIRIT OF DISCOVERY, her rigging, tackle, apparel, furniture, engines, gear, etc., *in rem*, in the full sum of $19,529,-197.02. Boeing is further entitled to interest until judgment at the default rate specified in the Promissory Note. Post judgment interest is hereby awarded at the legal rate until paid in full.

4. Plaintiff is further entitled to all costs for the foreclosure of this vessel pursuant to Title 46 U.S.C. § 951, including the costs of *custodia legis*. At the time of the distributions of the funds herein, the Court will assess said costs. Plaintiff is further entitled to attorneys' fees and expenses incurred in connection with this foreclosure.

5. The aforesaid Preferred Ship Mortgage on M/V SPIRIT OF DISCOVERY, Official Number 805213, her rigging, tackle, apparel, furniture, engines, gear, etc. dated June 6, 1985, and recorded in the Vessel Documentation Office at Victoria, British Columbia, on June 6, 1985, is hereby ordered foreclosed and said vessel is ordered condemned to be sold pursuant to the Default Judgment and Order of Sale.